FRANK P. KETCHELL v. STATE OF NEBRASKA.

FILED MARCH 1, 1893. No. 5942.

1. **False Pretenses.** In a prosecution for obtaining money by false pretenses the gist of the offense consists in obtaining the money of another by false pretenses, with the intent to cheat and defraud.

2. ———: EVIDENCE. The proof tends to show that the accused acted in good faith and in the reasonable belief that the draft would be paid.

ERROR to the district court for Douglas county. Tried below before DAVIS, J.

*V. O. Strickler* and *E. R. Duffie*, for plaintiff in error.

*George H. Hastings, Attorney General*, for the state.

MAXWELL, CH J.

The plaintiff in error was informed against by the county attorney of Douglas county for obtaining money by false pretenses. There are four counts in the information for separate transactions, which are alike, except as to dates and amounts. On the trial the jury found the plaintiff in error not guilty upon the first, second, and third counts of the information, but guilty on the fourth count, and he was sentenced to imprisonment in the penitentiary for three years. The fourth count is as follows:

"And the said Timothy J. Mahoney, county attorney, on his oath aforesaid, further gives the court to understand and be informed that said Frank P. Ketchell, on or about the 20th day of November, 1891, in the county of Douglas and state of Nebraska aforesaid, then and there being, and then and there intending, unlawfully, falsely, fraudulently, and feloniously to cheat and defraud one Oliver C. Campbell, did then and there unlawfully and feloniously pretend and represent to Oliver C. Campbell, and to one Henry Bloomer, the clerk and agent of said Oliver C. Campbell, which said representation was communicated to said Oliver C. Campbell, and which said communication was made by the said Frank P. Ketchell to the said Henry Bloomer for the purpose of being by the said Henry Bloomer the clerk and agent of the said Oliver C. Campbell, communicated to the said Oliver C. Campbell that one Farrand Ketchell, residing at or near Newark, in the state of New Jersey, was then and there a wealthy man, who had a large amount of property and money over and above his exemptions and liabilities, and who was then and there amply able to pay a certain draft upon said Farrand Ketchell in the sum of $350, and that the said Farrand Ketchell would pay said draft, and as soon as presented, and that the said Farrand Ketchell was then and there owing and indebted to the said Frank P. Ketchell an amount of money in excess of said sum of $350, out of which amount said Farrand Ketchell could pay said draft, and did then and there request said Oliver C. Campbell to indorse a draft drawn through the Omaha National Bank of the city of Omaha, upon the said Farrand Ketchell, at Newark, state of New Jersey, to enable the said Frank P. Ketchell to obtain from said Omaha National Bank the said sum of $350, the amount of said draft; that, relying upon said pretenses and representations and believing the same to be true, the said Oliver C. Campbell did then and there indorse his name across the back of said

the draft, and the said Henry Bloomer, agent and clerk of the said Oliver C. Campbell, did then and there present said draft to said Omaha National Bank of the city of Omaha, in the county of Douglas, and on faith and credit of the said indorsement of the said Oliver C. Campbell said Omaha National Bank did then and there pay and deliver to the said Henry Bloomer the amount of said draft, to-wit, the sum of $350, which said money so received upon the faith and credit of the said indorsement of the said Oliver C. Campbell, the said Henry Bloomer, agent and clerk of the said Oliver C. Campbell, did then and there, by reason of the said pretenses and representations, pay and deliver over to the said Frank P. Ketchell, and the said Frank P. Ketchell then and there, by said false pretenses and representations, did then and there obtain through the said Henry Bloomer from the said Oliver C. Campbell said sum of $350, lawful money of the United States, of the value of $350, the property of the said Oliver C. Campbell; that the said pretenses and representations were then and there wholly false and untrue, and the said Frank P. Ketchell, residing at or near Newark, New Jersey, was not then and there a man of great wealth and had not then and there property and money sufficient to pay said draft, over and above his liabilities and exemptions and was not then and there able to pay said draft, and the said Farrand Ketchell was not then and there indebted to the said Frank P. Ketchell in a sum sufficient to pay said draft, and had no funds whatever of the said Frank P. Ketchell out of which to pay said draft, all of which said representations the said Frank P. Ketchell well knew to be wholly false and untrue, and which said representations the said Frank P. Ketchell then and there made with the intent then and there to defraud the said Oliver C. Campbell, contrary to the form of the statute in such case made and provided and against the peace and dignity of the state of Nebraska."

Farrand Ketchell is the father of the plaintiff in error.

His testimony was taken by deposition, and, in substance, is that the plaintiff in error had authority to draw on him, and had done so for many years; that he had paid all such drafts prior to the ones mentioned in the information; that after about September 1, 1891, to the time the last of the drafts in question was drawn, the plaintiff in error had drawn on him for about $3,000, of which he had paid $1,700; that one of the reasons why he refused to pay the drafts in question was that he feared his son was being defrauded. It also appears that the drafts in question were accepted and judgment has been recovered thereon. He also testifies that a trust fund in favor of his son has been under his control, and that no settlement had ever taken place with the son. The testimony also shows that the first, second, and third drafts involved in the information had been accepted before Mr. Campbell indorsed the fourth one, and that he had notice to that effect, and it is evident, relied to a considerable extent thereon. Now, upon such proof, can a conviction for obtaining money by false pretenses be sustained? We think not. All the proof tends to show that when the plaintiff in error drew the draft in question he had reason to believe that it would be accepted and paid. To constitute the crime charged it is essential that there should be an intent on the part of the accused to cheat and defraud. (*People v. Kendall*, 25 Wend. [N. Y.], 399; s. c., 37 Am. Dec., 240; *Clark v. People*, 2 Lans. [N. Y.], 332; *Brown v. People*, 16 Hun [N. Y.], 537.) Such proof, no doubt, may be shown by circumstances. The proof in this case is insufficient to show an intent to defraud, and therefore the verdict must be set aside. It is pretty evident from the testimony, however, that the plaintiff in error should engage in some lawful employment and support himself. He seems to have reached the limit of his father's ability to maintain him and pay his bills, and drafts hereafter drawn and unpaid may, in all probability, place him in the attitude of procuring money thereon by false

pretenses. The judgment is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.