MARVIN HARGER, PLAINTIFF IN ERROR, v. STATE OF NEBRASKA, DEFENDANT IN ERROR.

106 N. W. 2d 176

Filed December 2, 1960. No. 34876.

*George A. Skultety,* for plaintiff in error.

*Clarence S. Beck,* Attorney General, and *John E. Wenstrand,* for defendant in error.

Heard before CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

This is a criminal action wherein, in the district court for Jefferson County, Nebraska, Marvin Harger was

charged by information in the name of the State of Nebraska with the offense of obtaining money by false pretenses. The case was tried to a jury and a verdict of guilty was returned, after which the defendant was sentenced to serve a term of 1 year in the State Reformatory for Men. The defendant in the district court, as plaintiff in error here, has brought the record to this court by petition in error for review. He will for convenience be referred to as defendant. By his petition he asserts that his conviction and sentence were erroneous and should be reversed. The State of Nebraska is defendant in error but it will be referred to as the State.

The information on which the defendant was tried and convicted charges in substance that on October 10, 1959, the defendant with intent to cheat and defraud did falsely, knowingly, designedly, and unlawfully promise to marry Janice Kasparek; that he pretended and represented that he was placing himself in a position to marry the said Janice Kasparek, and that if Janice Kasparek would furnish money to make payments on an automobile owned by the defendant she would have an interest in the automobile and be secured in her advancements; that relying thereon Janice Kasparek gave to the defendant on or about October 10, 1959, $50; and that thereafter during October and November 1959, she gave him other money which with the first $50 amounted to a total of $400. Janice Kasparek will be hereinafter referred to as the prosecutrix.

The brief of the defendant contains six assignments of error as grounds for reversal. From an examination of the record it appears that only one requires specific consideration herein. By this one it is asserted that the court erred in failing to sustain the motion for directed verdict. This motion was made at the close of the State's evidence in chief.

Assuming, but not deciding, that the information is sufficient as a charge of crime, the determination upon

the assignment of error that the court erred in its refusal to direct a verdict in favor of the defendant at the close of the State's evidence depends upon the question of whether or not there was evidence to support the essential elements of the charge contained in the information.

The promise of marriage was proved. This is not disputed. It was also proved without contradiction that the alleged declaration of the defendant that he would attempt to put himself in a position which would permit him to perform his agreement of marriage was true. He did not however put himself in a position to contract a marriage.

He was already a married man. As to this the prosecutrix was informed. She testified that she met the defendant first in the last part of August 1959 in the daytime and that evening she had a date with him on which occasion he told her that he was married, had two children, and that he wanted to get a divorce. She testified that it was about 2 weeks later in Fairbury, Nebraska, that the subject of marriage came up. It was then that she agreed to marry him. She said she agreed to marry him but not until he got a divorce. She testified that no date for the marriage to take place was discussed but they thought they could be married by the first of the year.

She testified that some of the money given to the defendant was for payments on an automobile. She referred to all advances made as money loaned. She said as to the advances that the defendant told her that if she let him have the money "it would be just as much interest as it was mine if I let him have the money, and that I could use it whenever I wanted to." Nothing was ever said about the title to the car. She was allowed to use the car freely at all times until the defendant left Fairbury, Nebraska, and went to Wichita, Kansas, to seek new employment.

It has been pointed out that the promise of marriage

has been proved. Is there evidence on behalf of the State that this promise was false and fraudulent and if so was it breached? These are of course elements which require proof.

There is a total absence of proof on the part of the State that the promise of marriage in the light of the existing conditions, which had been disclosed and were well known to the prosecutrix, was in anywise false and fraudulent. Insofar as this record is concerned there is nothing to indicate that the promise was not made in good faith and there is nothing to indicate that it was not the intention of the defendant at all times to keep and perform the promise. It was not the defendant who breached the agreement. It was the prosecutrix who breached the agreement. The prosecutrix was asked questions and gave answers as follows: "Q Has Marvin ever refused to marry you? A No, he never did refuse to marry me. Q And so your romance was broken off when you told him on the phone that you didn't love him any more; that's when it was broken off? A Yes." With regard to the conversation to which these questions pertain she also testified: "And, so, I just told him, no, that I didn't want to have anything more to do with him." This conversation took place in December 1959. There is other testimony of the prosecutrix of like effect in the record, which will not be repeated herein, but none to the contrary. The original complaint charging the defendant with the offense for which he was prosecuted was filed on January 8, 1960.

As an observation, the defendant could not put himself in a position to marry the prosecutrix while residing in this state for a long period of time after the promise was made. The defendant came to Nebraska in August 1959. His previous marriage was contracted in the State of Nevada. His wife lived in California. Obviously no ground for divorce arose in this state. Under these conditions, even if the defendant had grounds for divorce,

no divorce could have been obtained under the laws of the state earlier than August 1961, or 2 years after he became a resident. See § 42-303, R. R. S. 1943.

The gist of the offense of obtaining the money of another by false pretenses is false pretense with intent to cheat and defraud. See, Ketchell v. State, 36 Neb. 324, 54 N. W. 564; Thompson v. State, 112 Neb. 389, 199 N. W. 806; Brennan v. State, 141 Neb. 205, 3 N. W. 2d 217; Dwoskin v. State, 161 Neb. 793, 74 N. W. 2d 847; Beyl v. State, 165 Neb. 260, 85 N. W. 2d 653.

In the light of what has been pointed out it becomes clear that the evidence of the State does not amount to proof of the charge against the defendant. The motion of the defendant for a directed verdict should have been sustained at the time it was made.

The evidence of the defendant in no particular amounts to proof of the charge against the defendant. On the entire record, therefore, the essential elements of the crime charged against the defendant stand without any evidentiary support. The result of this was that at the conclusion of the evidence there was no issue properly submissible to a jury.

The judgment of the district court is reversed and the cause remanded with directions to dismiss the charge against the defendant.

REVERSED AND REMANDED WITH DIRECTIONS.

SIMMONS, C. J., participating on briefs.